**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
ROBERT L. POWELL,                                          Civil Case No.:  2:17-cv-07504

                    Plaintiff,                **AMENDED COMPLAINT**

   -against-
                                                           Honorable Joanna Seybert
BOYS AND GIRLS CLUB OF                                     Magistrate Judge Ann Y. Shields
THE BELLPORT AREA,
                                                           *Jury Trial Demanded*
                    Defendant.
-----------------------------------------------------------X

Plaintiff, ROBERT L. POWELL, by and through his attorney, CHAUNCEY D. HENRY, ESQ., OF HENRY LAW, alleges and complains of the Defendant as follows:

## INTRODUCTION

1. This action is brought against Defendant on the basis of it discriminating against the Plaintiff based on his age. Defendant engaged in discrimination by depriving Plaintiff of employment benefits for which he was qualified, subjecting Plaintiff to willful and deliberate disparate treatment for reasons entirely motivated by discriminatory animus and improper motives during the period complained of herein and/or continuation of its discriminatory employment practices ultimately resulting in Plaintiff's wrongful termination. Plaintiff brings this action pursuant to the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 ("ADEA"); Disparate Treatment pursuant to the ADEA; State Claims for violation of New York Executive Law § 296. Claims asserted under the foregoing causes of action(s) are for those non-time barred periods for which Plaintiff has fully exhausted all administrative requirements thereunder, or to those claims that are reasonably related to

1

Plaintiff's underlying claims of which Defendant has had prior and ample notice. Plaintiff seeks to recover monetary damages including front pay, back pay, benefits, reasonable attorney fees, costs, and disbursements.

## JURISDICTION AND VENUE

2. Jurisdiction is specifically, and properly, conferred upon this United States District Court by the aforementioned statutes, as well as under 28 U.S.C. §§ 1331, 1343.

3. Related claims under New York law are conferred upon this United States District Court by Pendent Jurisdiction.

4. This action is brought against Defendant for employment discrimination pursuant to Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) in light of the fact that the events described herein all occurred within the territorial confines of the Eastern District of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Upon information and belief, on or about August 14, 2017, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

7. Subsequently, upon information and belief, the EEOC issued a Notice of Right to Sue Letter on or about October 1, 2017, permitting Plaintiff to properly bring suit in an appropriate United States District Court pursuant to 42 U.S.C.A. § 2000e and its related state and local laws.

8. Upon information and belief, Plaintiff received the EEOC Notice of Right to Sue letter and commenced the instant action within the statutory ninety (90) day period and has accordingly exhausted all required administrative remedies prior to the commencement of the instant action. Said Right to Sue letter incorporated herein by reference.

**PARTIES**

9. Upon information and belief, at all times relevant hereto, Plaintiff, Robert L. Powell (hereinafter "Plaintiff" or "Mr. Powell"), is a resident of the State of New York with an address of 257 Hagerman Avenue, East Patchogue, New York 11772, Suffolk County.

10. Upon information and belief, Defendant, Boys and Girls Club of the Bellport Area (hereinafter "Defendant" or "BGCBA"), is a local chapter of the national organization known as the "Boys and Girls Club of America" located within the jurisdictional limits of New York State, specifically the Eastern District of New York.

11. Upon information and belief, germane to the relevant period herein, Plaintiff was employed at Boys and Girls Club of the Bellport Area located at 471 Atlantic Avenue, Bellport, New York 11713, Suffolk County.

12. Upon information and belief, at all times mentioned herein, Plaintiff was an employee within the meaning of the Age Discrimination in Employment Act protected against discrimination in employment on the basis of his age and was a member of the protected group of workers forty (40) years of age or older.

13. Upon information and belief, at all times mentioned herein, Defendant employed in excess of twenty (20) employees at any given time, and is an employer within the meaning of the Age

3

Discrimination in Employment Act 1967, and as such was prohibited from discriminating in employment on the basis of age.

14. Upon information and belief, during the relevant period herein, Donald Pinkney ("Pinkney") served as the Director of Operations for the Boys and Girls Club of the Bellport Area.

15. Upon information and belief, during the relevant period herein, Sybil Johnson ("Johnson") served as the Executive Director for the Boys and Girls Club of the Bellport Area.

16. Upon information and belief, during the relevant period herein, Michael Mullaney ("Mullaney") served as the President for the Boys and Girls Club of the Bellport Area.

## FACTUAL ALLEGATIONS

### I. *Mr. Powell's Background*

17. Upon information and belief, during the relevant period herein, Mr. Powell was approximately sixty (60) years of age and had intended to remain in his employment with the Defendant until his retirement age recognized by the Social Security Administration.

18. Mr. Powell belonged to a protected class and/or group, specifically those individuals over the age of 40-year. Further, Mr. Powell was qualified for the position of Athletic Supervisor prior to his wrongful termination and the events that give rise to the instant action.

19. Upon information and belief, Plaintiff was a model employee during his nearly twenty (20) year career with Defendant BGCBA prior to his termination.

### II. *Boys and Girls Club of the Bellport Area's Nature of Business*

4

20. Upon information and belief, during the relevant period hereto, BGCBA is a local chapter of the national organization known as the "Boys and Girls Club of America", an organization with over 4,000 autonomous clubs that serve over four (4) million boys and girls.

21. Upon information and belief, during the relevant period hereto, BGCBA serves the Bellport area of Suffolk County, New York with a mission to positively impact the lives of boys and girls in areas of academic success, personal character, citizenship and health.

### III. BGCBA's Discrimination Policy

22. Upon information and belief, during the relevant period herein, Defendant BGCBA maintained anti-discrimination policies designed to prevent age based discriminatory practices in the workplace by management and employees' alike.

23. Furthermore, the BGCBA's Employee Handbook provides that, "Our Club is committed to equal employment opportunity. We will not discriminate against employees or applicants for employment on any legally-recognized basis ["protected class"] including but not limited to: [age]; or any other protected under federal, state, or local law."

24. Upon information and belief, during the relevant period herein, the BGCBA's Employee Handbook provided in pertinent part that, "Each employee's covered dependents will have the opportunity to continue medical benefits for a period of up to 36 months under the provisions of the Consolidated Omnibus Budget Reconciliation Act (COBRA) when group medical coverage for you and/or your covered dependents would otherwise end due to your death or because your employment terminates, for a reason other than gross misconduct..."

### IV. Mr. Powell's Employment History with BGCBA

5

25. Upon information and belief, in or about September 1999, Plaintiff began his employment with Defendant as a Youth Development Professional.

26. Plaintiff was promoted to Program Director in or about 2012.

27. In or about 2014, Plaintiff was promoted to Athletic Director and received an annual salary of approximately $42,000.

28. As Athletic Director of BGCBA, Plaintiff's primary duties included supervision of recreational programs, ensuring the safety of all members and their involvement in BGCBA activities, in addition to ordering and maintaining athletic equipment.

### a. *Mr. Powell Was Qualified for the Athletic Director Position*

29. Upon information and belief, during the relevant period herein, Plaintiff was highly qualified for the position of Athletic Director based on his prior experience as a boys' varsity basketball coach for seven (7) years.

30. Plaintiff currently coaches a girls' varsity basketball and runs mentoring program for under-performing youth called R.I.S.E. (Rewarding Intervention for Scholastic Elevation) at a local high school.

### b. *Mr. Powell's Satisfactory Job Performance*

31. Upon information and belief, during his tenure with Defendant BGCBA, Plaintiff was never suspended or disciplined for employee misconduct, bar the circumstances that give rise to the instant action.

### i. *Mr. Powell Receives "Contribution to the Profession" Award*

32. Upon information and belief, in or about 2015, Plaintiff was awarded a "Contribution to the Profession" Award from the Boys and Girls Club of America's Long Island Chapter of The Professional Association.

V. **BGCBA's Disparate Treatment of Older Employees**

   a. ***Director Johnson's Preferential Employment of Younger, Less-Experienced Females***

33. Upon information and belief, during the relevant period herein, Sybil Johnson ("Johnson") served as Defendant BGCBA's Director, wherein she maintained decision making authority over a number of subordinate employees over the age of 40 years old, including Plaintiff, however was under the age of (40) at the time.

34. Upon information and belief, during the relevant period herein, Johnson was approximately some thirty (30) years younger than Plaintiff, however served as his direct supervisor.

35. Upon information and belief, from time to time during the relevant period herein, Johnson would express her personal opinion to the Plaintiff to a culture within BGCBA wherein older men preyed on younger women along with a general disdain for older male employees over the age of 40+.

36. Furthermore, Johnson habitually hired and promoted persons younger than 40 years of age, placing them in supervisory positions over other aged and experienced staff members over the age of 40.

   b. ***Director Johnson's Discriminatory Remarks concerning Mr. Powell's Age***

37. Upon information and belief, during the relevant period herein, Plaintiff was subject to inappropriate age related comments during his employment with BGCBA.

38. On one such occasion, upon information and belief, Executive Director Johnson referred to Plaintiff as, "Sammy Davis, Jr.", in reference to his age.

39. On another such occasion, upon further information and belief, Johnson referred to Plaintiff as "Gray Fox" and "Silver Bullet", in reference to his age and weathered appearance.

40. Upon information and belief, during the relevant period herein, other BGCBA employees over the age of (40) were also subjected to differential treatment based on their age.

### c. *Failure to Report Sexual Misconduct – Pretext*

41. Upon information and belief, during the relevant period, a staff member of BGCBA was accused by a student of sexual misconduct. At the time, Plaintiff served as the Athletic Director.

42. At first, Sherika Adams aware by the student that she had been sexually molested by a staff member, at which time Ms. Adam's then informed the Plaintiff although it was not within his authority or job description to investigate the allegations.

43. As time pressed on, the student's parent became involved where the matter then escalated to senior leadership for additional investigation.

44. The staff member that was accused of the misconduct was suspended, thereafter terminated and arrested as a result of the allegations.

8

45. Shortly thereafter, Plaintiff was terminated for an alleged failure to report the accused staff member to the Defendant or CPS after being first informed of the allegations by Ms. Adams, his superior and most senior mandated reporter at the time.

46. Upon information and belief, during the relevant period herein, Raf-yel Flippen (Youth Development Professional) was also made aware of the circumstances related to the sexual misconduct allegations made against the staff member and he too failed to report it to the Defendant or Child Protective Services, however faced no disciplinary action as a result.

47. Upon information and belief, during the relevant period, Director Pinkney, Director Johnson, Program Director Sherika Adams, Jason Neal (Community Liaison) and Shiena Watson, were all aware of the sexual misconduct allegations made against the staff member but each failed to notify or report to Child Protective Services and were never disciplined as a result whereas Plaintiff was terminated.

### d. *Mr. Powell Denied Equal Access to Post-Employment Health Benefits*

48. Upon information and belief, during the relevant period herein, Plaintiff was the only staff member disciplined and subsequently terminated for failure to report the allegation of sexual misconduct

49. Upon information and belief, as a result of the termination, Plaintiff lost all health care benefits, however was entitled to continuous healthcare coverage under COBRA.

50. Upon information and belief, on or about December 1, 2017, approximately seven (7) months after his wrongful termination, Plaintiff received a Notice of Ineligibility for COBRA Coverage Due to Gross Misconduct which provided in pertinent part that Plaintiff would not

receive COBRA healthcare benefits based on BGCBA's determination that the termination resulted from "Offensive Behavior, Harassment, Insubordination."

51. Defendant BGCBA reported to the Plan Administrator that Plaintiff's termination was a result of gross misconduct.

52. Upon information and belief, during the relevant period herein, all other staff members who were similarly apprised of the allegation of sexual misconduct yet failed to report it to Child Protective Services (CPS), which included Director Johnson, Program Director Adams, President Mullaney, and Director Pinkney, all maintained their employment and health benefits with Defendant BGCBA without adverse action.

## VI. *Mr. Powell's Terminated for Pre-textual Reasons*

53. Upon information and belief, on or about April 8, 2017, Plaintiff was informed of an allegation of sexual misconduct between a member and a staff member.

54. Upon information and belief, Plaintiff, in response, suggested to Program Director Adams that she contact Director Johnson to inform her of the allegations a course of action she agreed.

55. Upon information and belief, on or about April 10, 2017, Plaintiff informed Director Pinkney of the allegation, and on or about April 11, 2017, met with Director Johnson, Director Pinkney, Neal, and the member's mother who attended by phone, where the allegations were discussed.

   a. *Mr. Powell Placed on Administrative Leave*

10

56. Upon information and belief, on or about May 1, 2017, Plaintiff was called into Director Johnson's office for a meeting with both Director Johnson and Pinkney. During the meeting Plaintiff was informed by Director Johnson that President Mullaney of the National Boys and Girls Club of America insisted that Plaintiff be placed on administrative leave for failure to report the sexual misconduct allegations at his earliest opportunity.

57. Upon information and belief, on or about May 5, 2017, Plaintiff called CPS to report the allegations against the staff member, however was advised by CPS that based on the member's age, the misconduct may have been inappropriate but did not have to be reported.

58. Upon information and belief, on or about May 8, 2017, Plaintiff was issued a written suspension notice dated April 28, 2017.

### b. Mr. Powell Wrongfully Terminated

59. Upon information and belief, on or about May 11, 2017, Plaintiff was issued a written termination notice dated May 8, 2017.

60. Upon information and belief, Plaintiff was the only staff member disciplined and ultimately terminated as a result of a failure to report.

## VII. Mr. Powell Replaced by Sufficiently Younger Employee with Less Qualifications, Skills and Overall Experience

61. Upon information and belief, during the relevant period herein, Defendant replaced Plaintiff with a younger, less qualified employee: twenty-nine (29) year old Raf-yel Flippen.

11

62. Upon information and belief, during the relevant period hereto, Flippen was also among those who was aware of the allegation of sexual misconduct and failed to report it to CPS.

*Damages*

63. Plaintiff was meant to endure considerable financial losses, a reduction in earnings and other financial benefits of employment, health insurance and bonuses. Plaintiff is entitled to an award consisting of front pay, back pay, emotional damages, costs disbursements and attorney fees of this action, all occurring as a result of Defendant's discriminatory employment practices.

*Federal Causes of Action*

### COUNT I

### VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C.A. §§ 621-634: AGE DISCRIMINATION

64. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 63 with the same force, effect and veracity as though fully set forth hereto.

65. The Age Discrimination in Employment Act of 1967, codified as, 29 U.S.C. § 623(a) makes it unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his/her compensation, terms, conditions, or privileges of employment, because of such individual's age; or to limit, segregate, or classify his/her employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his/her status as an

12

employee, because of such individual's age; or to reduce the wage rate of any employee in order to comply.

66. Defendant discriminated against plaintiff on the basis of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 when it unlawfully terminated Plaintiff's employment as the Athletic Director for pre-textual reasons, while failing to terminate Plaintiff's similarly situated younger colleagues for failing to do the same.

67. Defendant, by and through its agents and/or supervisory employees, discriminated against Plaintiff in the terms, conditions and benefits of employment in violation of the Age Discrimination in Employment Act, 29 U.S.C.A. §§621-634, as a direct and/or indirect result of Plaintiff's protected status (Age), specifically with respect to Plaintiff's position, Defendant's employment discipline, and post-termination medical coverage.

68. Furthermore, Plaintiff was over the age of forty (40) years old at the time of his termination, and was otherwise qualified for the position held of Athletic Director held for nearly twenty (20) years with the BGCBA.

69. Upon information and belief, Plaintiff was terminated by the Defendant for pre-textual reasons and by a decision maker between the age of (30) to (39) and replaced by a younger less qualified employee after his termination.

70. As a direct or proximate result of said acts, Plaintiff has suffered and continues to suffer considerable loss of income; loss of employment; loss of other employment benefits, in addition to suffering from distress, great financial expense, and damages to his reputation.

13

71. As a result of Defendant's acts and/or omissions, Plaintiff is entitled to the maximum monetary damages and penalties available by law, as well as costs and reasonable attorney fees, the sum of which shall be determined by Jury Trial.

**COUNT II**
**DISPARATE TREATMENT UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C.A §§ 621-634**

72. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 thorough 71 inclusive of the instant complaint, with the same force, effect and veracity as though fully set forth hereto.

73. The Age Discrimination in Employment Act of 1967, codified as 29 U.S.C. § 623(a) makes it unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his/her compensation, terms, conditions, or privileges of employment, because of such individual's age; or to limit, segregate, or classify his/her employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his/her status as an employee, because of such individual's age; or to reduce the wage rate of any employee in order to comply.

74. Defendant, by and through its managerial staff, allowed an environment where Plaintiff faced inappropriate age-related comments by members of management and other improper age related references, such as being called "Sammy Davis Jr.," "Silver Bullet," and "Gray Fox", all references Plaintiff found offensive.

14

75. Because of Defendant's discriminatory animus towards the Plaintiff and his age, Plaintiff was scrutinized and mocked because of his protected characteristic.

76. Through its actions, Defendant unilaterally denied Plaintiff equal terms, conditions and benefits of employment as a direct and/or indirect result of Plaintiff's age.

77. As a result, Plaintiff suffered an adverse employment action due to his age in that Plaintiff terminated from his nearly twenty (20) years of dedication to diligently working for Defendant and helping children, forcing him to forfeit his retirement benefits prematurely.

78. As a direct or proximate result of said acts, Plaintiff has suffered and continues to suffer considerable loss of income; loss of employment; loss of other employment benefits, in addition to suffering from distress, great financial expense, and damages to his reputation.

79. As a result of Defendant's acts and/or omissions, Plaintiff is entitled to the maximum monetary damages and penalties available by law, as well as costs and reasonable attorney fees, the sum of which shall be determined by Jury Trial.

*State Pendent Claims*

## COUNT III

### NEW YORK STATE, EXECUTIVE LAW, ARTICLE 15, HUMAN RIGHTS EXECUTIVE LAW §296(1)(a): AGE DISCRIMINATION

80. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 80 inclusive of the instant complaint, with the same force, effect and veracity as though fully set forth hereto.

81. The New York State Executive Law; Human Rights Law ("NYSHRL") prohibits unlawful discriminatory employment practices. Section § 296 of the NYSHRL, provides in pertinent

15

part that, "[I]t shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." Defendant has engaged in violation of the foregoing statute by virtue of its unlawful discriminatory employment practices as more fully detailed and emphasized above.

82. As a direct or proximate result of said acts, Plaintiff has suffered and continues to suffer considerable loss of income; loss of employment; loss of other employment benefits, a diminution and reduction of pension value, in addition to suffering from distress, humiliation, embarrassment, great financial expense, and damages to her reputation.

83. As a result of Defendant's acts and/or omissions, Plaintiff is entitled to the maximum monetary damages and penalties available by law, as well as costs and reasonable attorney fees, the sum of which shall be determined by Jury Trial.

**JURY TRIAL DEMANDED**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule 38(b) of the Local Rules, Plaintiff demands trial by a jury for all the issues leaded herein so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests a judgment against Defendant containing the following relief:

16

a) Declaring that Defendant violated the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634;

b) Declaring that Plaintiff suffered disparate treatment under the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634;

c) Declaring that Defendant violated New York State, Executive Law, Article 15, Human Rights Executive Law § 296;

d) An award to Plaintiff of his actual damages in an amount to be determined at trial for loss of wages, benefits, and promotional opportunities, including an award of front pay compensating Plaintiff for loss of future salary and benefits;

e) An award to Plaintiff of the costs of this action, together with reasonable attorney fees; interest and the cost of disbursements of the action; and,

f) Such other and future relief that this Honorable Court deems just and proper.

JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule 38(b) of the Local Rules, Plaintiff demands trial by jury for all the issues leaded herein so triable.

Dated: Garden City, New York
May 31, 2019

HENRY LAW GROUP

/s/
Chauncey D. Henry, Esq.
*Attorney for Plaintiff,*
*Robert L. Powell*
825 E. Gate Blvd., Suite 106
Garden City, New York 11530
Phone: 516-366-4367